# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Renata Fox, | ) |
|            Plaintiff, | ) C/A No. 5:20-cv-2498-TMC |
| v. | ) **ORDER** |
| Andrew Saul, Commissioner of Social Security Administration, | ) |
|            Defendant. | ) |

A. Motion to Add to Record (ECF No. 29)

Plaintiff Renata Fox, proceeding *pro se*, brought this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner"). (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Plaintiff filed a "motion to add additional information to the record." (ECF No. 29). Specifically, Plaintiff sought to expand the record to include a photograph and a small number of x-ray images. (ECF No. 29-1). The Commissioner submitted a response in opposition (ECF No. 36) and Plaintiff filed a reply (ECF No. 39). The magistrate judge issued a Report and Recommendation ("Report") recommending that this court construe Plaintiff's motion as a motion for a sentence six remand under 42 U.S.C. § 405(g) but deny the motion on the grounds that the proffered evidence is neither new nor material and that Plaintiff has not shown good cause for failing to present this material to the administrative law judge. (ECF No. 41).

The purpose of magistrate review is to conserve judicial resources. *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). Nonetheless, the recommendations set forth in the

Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). The court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made." *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g., Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). In the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's

recommendation.  *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Plaintiff filed objections to the Report, notifying the court that one of the x-ray images she sought to add through her motion was, in fact, already part of the record. (ECF No. 45). Plaintiff indicated further that she did not intend to seek a remand but simply wished to add the evidence to the record. *Id*.  Plaintiff did not address any specific portion of the Report and did not identify any error in the magistrate judge's analysis or recommendations.  Accordingly, with no specific objections having been lodged by Plaintiff, the court reviews only for clear error.

Having carefully reviewed the record and the submissions of the parties, the court finds no error, clear or otherwise, in the Report.  Therefore, the court adopts the recommendation of the magistrate judge (ECF No. 41) and **DENIES** Plaintiff's motion to add additional information to the record (ECF No. 29) which the court construes as a motion for a sentence six remand under 42 U.S.C. § 405(g).

B. Motion for In-Person Hearing (ECF No. 46)

After filing objects to the Report, Plaintiff filed a motion for an in-person hearing on the merits of her claim for review of the Commissioner's decision. (ECF No. 46). Plaintiff argued a hearing is necessary because she can more effectively convey her position in person rather than in writing, particularly in light of her *pro se* status. *Id*.  The magistrate judge entered an order denying this motion "as there is nothing currently pending before the undersigned." (ECF No. 47).  The magistrate noted that Plaintiff has yet to file her opening brief and that "the full merits of Plaintiff's appeal are not yet before the court for consideration." *Id*. at 2.  The magistrate judge advised Plaintiff that "[a]fter briefing is complete the [magistrate judge] will then be in a position to issue a substantive Report regarding issues raised by the parties. Should the [magistrate judge] then

determine that a hearing would be appropriate, [she] will advise Plaintiff and the Commissioner." *Id*.

Plaintiff then filed an appeal of the magistrate judge's order denying the motion for a hearing. (ECF No. 51). Because this ruling is non-dispositive, the court may only set aside the order if it "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Plaintiff has not identified any clear error in the magistrate judge's order and the court can find none. Thus, the order denying Plaintiff's motion for a hearing (ECF No. 47) is **AFFIRMED**. Furthermore, to the extent that Plaintiff's motion can be construed as one for an in-person hearing on the motion to add information to the record, the court concludes a hearing is unnecessary to decide that narrow issue and **DENIES** the motion for a hearing.

### C. Conclusion

As set forth above, the court adopts the recommendation of the magistrate judge (ECF No. 41) and **DENIES** Plaintiff's motion to add additional information to the record (ECF No. 29). Furthermore, the court **AFFIRMS** the magistrate judge's order (ECF No. 47) denying Plaintiff's motion for a hearing (ECF No. 46). Finally, to the extent that Plaintiff's motion for a hearing (ECF No. 46) can be construed as one for an in-person hearing before the undersigned on the motion to add information to the record, the court concludes a hearing is unnecessary to decide that narrow issue and **DENIES** the motion for a hearing.

**IT IS SO ORDERED.**

                                                s/ Timothy M. Cain
                                                United States District Judge

May 3, 2021
Anderson, South Carolina