# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | | |
|---|---|---|
| Renata Fox, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:20-cv-2498-TMC |
| | ) | |
| vs. | ) | |
| | ) | |
| Kilolo Kijakazi[1], Commissioner of | ) | **ORDER** |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Renata Fox brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her claim for Supplemental Security Income ("SSI") under the Social Security Act ("SSA"). (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., this matter was referred to a magistrate judge for pretrial handling. The magistrate judge issued a thorough and detailed Report and Recommendation ("Report") recommending that the court remand the decision of the Commissioner for further administrative proceedings. (ECF No. 92 at 19). First, the magistrate judge determined that, in performing the Step Three evaluation of whether Plaintiff's impairment meets or equals a listed impairment in the social security regulations, the Administrative Law Judge ("ALJ") did not compare Plaintiff's impairment with the criteria in the relevant listings and, therefore, concluded that the ALJ's decision on this issue was not supported by substantial evidence. *Id*. at 12–13. Second, the magistrate judge determined that, in assessing Plaintiff's Residual Functional Capacity ("RFC"), the ALJ failed to "articulate[]

---

[1] On July 9, 2021, Kilolo Kijakazi was named the Acting Commissioner of Social Security. Pursuant to Fed. R. Civ. P. 25(d), she is automatically substituted as the defendant in this action. *See also* 42 U.S.C. § 405(g) (providing that action survives regardless of any change in the person acting as the Commissioner of Social Security).

1

sufficient reasons to support the weight given to the opinions of the State agency physicians." *Id*. at 17. Third, the magistrate judge found that the ALJ did not appear to have considered a closed period of disability based on the period leading up to her surgery in March 2017 and during her recovery period.  *Id*. at 18.  Accordingly, the magistrate judge recommended that the Commissioner's decision be reversed and remanded for further consideration on each of these issues.  *Id*. at 19.  The Commissioner subsequently filed notice that she did not intend to file objections to the Report. (ECF No. 96).

The purpose of magistrate review is to conserve judicial resources. *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007).  Nonetheless, the recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter.  *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)).  The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).  The court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made."  *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017).

In light of the Commissioner's express notice that she does not object to the Report, the court's review is only for clear error.  Having carefully reviewed the record and the thorough Report of the magistrate judge, the court finds no clear error in the Report and incorporates it herein. (ECF No. 92). The court adopts the recommendation of the magistrate judge, *id*. at 19, that the decision of the Commissioner be remanded for further administrative proceedings.

Accordingly, the Commissioner's decision is **REVERSED**, and this action is **REMANDED** to the Commissioner for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g), for the reasons more fully set forth in the Report. The Clerk of Court is directed to enter a final judgment by separate order.[2]

    **IT IS SO ORDERED.**

s/ Timothy M. Cain
United States District Judge

October 4, 2021
Anderson, South Carolina

---

[2] Plaintiff's motions for a hearing (ECF No. 73) and to add information (ECF No. 86) are **DENIED** as moot. With respect to Plaintiff's corrected motion to add information (ECF No. 87), the court agrees with the recommendation of the magistrate judge and **DENIES** the motion. (ECF No. 87). However, the court directs that, upon remand, Plaintiff be given the opportunity to obtain the additional medical records to supplement her case file.